UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Aaron Piercy, as Administrator of the　　　　Civil File No.: 16-mc-33-PJS-KMM
Estate of Dale Piercy,

　　　　　　　　　　　　Plaintiff,　　　　　*Northern District of Illinois*
v.　　　　　　　　　　　　　　　　　　　　*Case No. 14-cv-7398*

Kelly Wilhelmi, *et. al.*,　　　　　　　　　　　　**ORDER**

　　　　　　　　　　　　Defendants.

---

　　　　The defendants Julie Warkins, Dan Williams, and Advanced Correctional Healthcare, Inc. (collectively, "ACH") seek to quash subpoenas served on several county jails located in Minnesota. (ECF No. 1.) The subpoenas were issued by the Northern District of Illinois in connection with ongoing litigation before the Honorable Rebecca R. Pallmeyer, United States District Judge for the Northern District of Illinois. *See Piercy v. Wilhelmi, et al.*, Case No. 1:14-cv-7398 (N.D. Ill., filed Sept. 23, 2014). This Court heard oral argument on the motion to quash on May 27, 2016. Christine Hinrichs appeared on behalf of ACH, and Sarah Grady appeared on behalf of Aaron Piercy. For the reasons that follow, the Court denies the motion.

**I.　　Background**

　　　　Mr. Piercy filed suit against ACH and several other defendants over his father's death following his incarceration at Whiteside County Jail, asserting in part that ACH maintained an unconstitutional policy or custom of denying necessary medical treatment to prisoners in the defendants' care. Mr. Piercy served subpoenas *duces tecum* on Benton, Faribault, Isanti, Itasca, Kanabec, McLeod, Meeker, Mower, Nicollette, Renville, Rice, Steele, Wabasha, Winona, and Goodhue counties in Minnesota, and on counties in several other states. These subpoenas order the counties to produce marketing, advertising, or promotional materials provided by ACH, as well as any contracts or contract bids by ACH or any ACH competitors. (*See* ECF No. 11-1 at 8.)

　　　　On May 12, 2016, ACH moved to quash the subpoenas under Rule 45. (ECF Nos. 1 & 2.) ACH requested this Court either (1) transfer its motion to the Northern District of Illinois for consideration by Judge Pallmeyer, or in the alternative, (2)

quash the subpoenas as unduly burdensome. Mr. Piercy opposed the motion, arguing that (1) ACH does not have standing under Rule 45 to move to quash the subpoenas, and (2) the subpoenas seek materials that are discoverable under the rules and present no undue burden to the counties or to ACH.

At the same time ACH filed the motion to quash, ACH filed substantially identical motions in the underlying litigation in the Northern District of Illinois, *see* Motion to Quash Subpoenas, *Piercy v. Wilhelmi*, Case No. 1:14-cv-1798 (N.D. Ill. May 13, 2016) ECF No. 267, and Motion for Protective Order, *Piercy v. Wilhelmi*, Case No. 1:14-cv-1798 (N.D. Ill. May 19, 2016), ECF No. 273, and in a miscellaneous action in the Northern District of Alabama, *see* Motion to Quash, *Piercy v. Wilhelmi*, No. 16-mc-788 (N.D. Ala. May 12, 2016), ECF No. 1. In both Illinois and Alabama, ACH requested that identical subpoenas to nonparties be quashed as unduly burdensome. Additionally, in Illinois, ACH sought a protective order defining the limits of discovery regarding Mr. Piercy's *Monell* claim. Judge Pallmeyer heard argument on ACH's motions on May 23, 2016, and denied both motions. *See* Minute Entry, *Piercy v. Wilhelmi*, Case No. 1:14-cv-1798 (N.D. Ill. May 24, 2016), ECF No. 278. The Honorable Virginia Emerson Hopkins, United States District Judge for the Northern District of Alabama, likewise denied the motion to quash and declined to transfer the matter to Illinois. *See* Order, *Piercy v. Wilhelmi*, Case No. 16-mc-788 (N.D. Ala. May 16, 2016), ECF No. 2.

## II. Discussion

### A. Motion to Transfer

At the outset, ACH moves the Court to transfer the motion to the Northern District of Illinois so that it can be considered by Judge Pallmeyer, who is overseeing the rest of this litigation. This request is denied.

Federal Rule of Civil Procedure 45(f) provides: "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." The purpose of requiring motions to quash to be litigated in the district where the respondents reside is to avoid unnecessary burdens on local nonparties subject to subpoenas. *See* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. The Advisory Committee noted that transfer is appropriate only if the interest of avoiding disruption to the issuing court's management of the underlying litigation outweighs "the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Neither criteria that could justify transferring the instant motion to Illinois is present in this case. The stated goal of Rule 45(f) is to prevent local nonparties from having to shoulder unnecessary burdens, including being forced to litigate the validity of a subpoena in a faraway forum. Although ACH has demonstrated that seven of the subpoenaed Minnesota counties consent to transferring this motion to Illinois, eight of the subpoenaed Minnesota counties have either not weighed in on the issue or have remained neutral. (ECF No. 11.) Requiring fifteen nonparty counties to litigate the validity of a subpoena in a forum far from home would directly contradict the stated purpose of Rule 45(f), and since only the counties themselves can raise a claim of undue burden under that rule, their participation would be required.

Further, there are no exceptional circumstances that would warrant transferring the motion to Judge Pallmeyer. The Advisory Committee to the Federal Rules warned that

> it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment. Considerations of deference to Judge Pallmeyer's management of the underlying litigation support denying ACH's motion here and now, rather than transferring it. Judge Pallmeyer has already heard and denied similar motions concerning substantially identical subpoenas, and nothing has persuaded this Court to reach a different result. The interest of avoiding disruption to Judge Pallmeyer's management of the underlying litigation dovetails with the interests of the subpoenaed nonparties in obtaining local resolution of this motion. Indeed, transferring this motion could disrupt Judge Pallmeyer's management of the underlying litigation by requiring her to address the same issue a second time. This Court is simply not persuaded that transferring ACH's motion to the Northern District of Illinois is necessary or efficient.

### B. Motion to Quash

Turning to the merits of the motion, ACH requests that this Court quash the contested subpoenas as unduly burdensome, arguing that the requests seek irrelevant information. Mr. Piercy disagrees, arguing that ACH does not have standing to move to quash the third-party subpoenas because it is not a party to those subpoenas, and

further contending that the subpoenas seek information that is relevant to his claims and do not impose an undue burden.

The standing issue alone resolves ACH's motion to quash. Under Rule 45, "parties to whom subpoenas are not directed lack standing to quash or modify such subpoenas on the basis that the subpoenas impose an undue burden." *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 235 (D. Minn. 2013) (citations omitted). ACH is not the subject of the challenged subpoenas and therefore has no standing to quash those subpoenas under Rule 45.

Even if ACH had standing to assert that the subpoenas present an undue burden to third parties, however, it has failed to support such a claim. ACH offered no evidence that fulfilling the document requests presents a burden to the counties, let alone an undue burden. Although ACH surmised that the information might be difficult to compile or might be held in a variety of places within the county governments, they offered no statements from any county representatives that such obstacles were present. Indeed, although counsel for ACH communicated with several of the counties to secure their consent to transfer the motion to quash (*see* ECF No. 11), counsel made no representations regarding any burden, undue or otherwise, imposed by the subpoenas. Instead, the only evidence in the record regarding any inconvenience to the counties caused by the subpoenas comes from counsel for Mr. Piercy at oral argument, who has already received documents from one county and has learned from others that the request is not unduly burdensome. In sum, ACH has not established that the subpoenas present an undue burden to any of the nonparty respondents.[1] And, to the extent such concerns arise, the Court takes at face value assurances provided by counsel for Mr. Piercy that they will work with responding counties to extend the deadline of the subpoenas or narrow the request to mitigate any burden.

### C. Motion for Protective Order

Essentially conceding the lack of standing at oral argument, ACH alternatively urged this Court to construe the motion to quash as one for a protective order under Rule 26(c), which allows a "party . . . or any person from whom discovery is sought" to "move for a protective order in the court where the action is pending." Fed. R. Civ. P. 26(c). ACH asserts that the subpoenas seek information that is not relevant to

---

[1] This Court declines the invitation to assess the undue burden presented by the subpoenas through consideration of the scope of discovery as a whole. While managing the overall extent of discovery is certainly an important concern, it is best left to Judge Pallmeyer in the Northern District of Illinois rather than to this Court.

Mr. Piercy's claim and seek documents that are far beyond the scope of what is reasonable and proportional discovery in this case.

Rule 26(c) provides courts with the authority to issue "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. *Id.* Although ACH has no standing under Rule 45 to quash the subpoenas, it can seek a protective order. "The explicit mention of 'a party' in [Rule 26(c)] has been interpreted to provide standing for a party to contest discovery sought from third-parties." *Underwood v. Riverview of Ann Arbor*, No. 08-cv-11024, 2008 WL 5235992, at *2 (E.D. Mich. Dec. 15, 2008); *see also Shukh*, 295 F.R.D. at 236 (quoting *Underwood*).

Even if ACH had properly sought a protective order under Rule 26(c), this Court would still deny that request. ACH has presented no persuasive argument that the requested discovery is not relevant to the underlying litigation. The quality of medical care Mr. Piercy's father received from ACH while he was incarcerated at Whiteside County Jail and whether ACH engaged in an unconstitutional policy of denying necessary medical care to inmates are directly at issue in this litigation. The representations ACH made to county jails in Minnesota and elsewhere regarding their their ability to provide low cost care and avoid lawsuits are sufficiently relevant to Mr. Piercy's claims to satisfy the considerations set forth at Fed. R. Civ. P. 26(b)(1). Indeed, Judge Pallmeyer reached the same conclusion a week ago, when she found that the requested information in identical subpoenas issued to other jails satisfied the relevance threshold for discovery and denied a request for a protective order. *See* Minute Entry, *Piercy v. Wilhelmi*, No. 14-cv-1798 (N.D. Ill. May 24, 2016), ECF No. 278. Judge Pallmeyer is much more familiar with the details this litigation and the proper scope of discovery than this Court, and ACH offers no basis upon which this Court should reach a different conclusion.

### III. Order

Based on the findings and conclusions above, IT IS HEREBY ORDERED that ACH's motion to quash (ECF No. 1) is DENIED.


Dated: June 2, 2016                    *s/ Katherine Menendez*
                                        Katherine Menendez
                                        United States Magistrate Judge